### BENTON et al. v. MOSS et al.

#### (Supreme Court, Appellate Term. May 23, 1905.)

1. AGENCY—IMPLIED AUTHORITY.

    Where an employé of defendant was authorized to purchase a machine which was obviously an experiment, defendant was bound by his contract with the sellers for extra work done under the employé's direction.

2. APPEAL—RECORD.

    An appeal from an order denying a new trial brings up for review the judgment and all proceedings on trial.

3. SAME—COSTS.

    An appeal from an order granting or denying a new trial under Municipal Court Act, § 255, Laws 1902, p. 1563, c. 580, imposes on the successful party on appeal the same labor as on appeal from a judgment, and he is entitled to full costs.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by John B. Benton and another against Benjamin S. Moss and another. From an order denying a motion to set aside a verdict, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Benjamin D. Levy, for appellants.

John T. Booth, for respondents.

SCOTT, P. J. The only serious question involved in this appeal is whether or not there was any evidence justifying the jury in holding defendants responsible for the extra work done by plaintiffs under the direction of Louis Moss. Upon the whole, we think that there was. He was concededly authorized to order the machine in the first place, or, to put it more exactly, he conducted the negotiations as a result of which the order was given by defendants, so that the giving of the order was in itself a ratification and acknowledgment of his agency up to that point. The machine was obviously an experiment, and it was not an unnatural or unusual circumstance that something more might be required to be done upon it than was indicated by the original plans and model. The defendants might well have foreseen this, and, if they had intended to limit the authority of Louis Moss, they should have so notified plaintiffs, especially since Louis Moss was known to be in their employ. On the whole, we do not think that the finding of the jury can be said to be wholly unsupported by the evidence.

The jury were fairly instructed, and no errors are pointed out, either in the charge or in the admission and rejection of evidence, which calls for especial comment or requires a reversal of the

judgment. The defendants have appealed only from the order denying their motion for a new trial, although the effect of such an appeal is to bring up for review the judgment and all the proceedings upon the trial. In the case of appeals taken under these circumstances, we are of opinion that full costs of appeal should be allowed as in the case of an appeal from a judgment. It is true that it has been held by the Appellate Division in the Second Department, and by this court, that ordinarily, upon an appeal from an order, only $10 costs of appeal are to be allowed to the successful party. This ruling is not based upon any provision of the Municipal Court act thus limiting the costs, but in the attempt to conform, so far as possible, the practice in the Municipal Court to that in the Supreme Court. The reason for this ruling fails in the case of an appeal like the present. Costs are provided as a partial compensation to the successful party for the labor and expense to which he has been put. An appeal from an order granting or denying a new trial under section 255, Municipal Court Act, Laws 1902, p. 1563, c. 580, imposes upon the party who succeeds on the appeal precisely the same labor and expense as would follow upon an appeal from the judgment, and it is but reasonable that the same costs should be awarded.

Order affirmed, with costs as from an appeal from a judgment. All concur.